IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NORMA HURTADO,

    Plaintiff,

v.                                                  CASE NO. 1:09-cv-00125-MP-GRJ

NORTH FLORIDA HEALTH CARE
ASSOCIATES, LLC, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants George Hamilton And Lisa Streer's Motion To Dismiss Complaint. (Doc. 23.) Plaintiff has filed a document entitled "Motion Not To Dismiss Claims Against Defendants" (Doc. 25), which the Court construes as a response to Defendants' motion, and, therefore the motion is ripe for review. For the reasons discussed below, Defendants George Hamilton And Lisa Streer's Motion To Dismiss Complaint is due to be **GRANTED**.

### I. Introduction

Plaintiff, proceeding *pro se*, filed her complaint, utilizing the Court's form, asserting a claim for retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII") against her employer, North Florida Health Care Associates, LLC ("North Florida") and against George Hamilton, its Administrator ("Hamilton"), and Lisa Streer, its Director of Nursing ("Streer").

On September 30, 2009, Plaintiff filed a First Amended Complaint again naming North Florida, Hamilton, and Streer as Defendants and alleging the same claim for

retaliation under Title VII. (Doc. 10.)

The material facts as disclosed in the First Amended Complaint are briefly as follows. Plaintiff alleges that she was harassed and retaliated against after a January 31, 2009[1] administrative hearing. According to Plaintiff, Defendants Hamilton and Streer informed Plaintiff's colleagues that Plaintiff had filed an EEOC complaint against North Florida in April 2007. Plaintiff alleges that in April 2008 a Department Head at North Florida informed her that Defendant Hamilton "was telling everyone in the morning meeting about me taking them to court." She further alleges that a new employee at North Florida approached her and remarked that "'[t]hey told me you took them to court.'"

Plaintiff further alleges that on May 13, 2008 during a meeting Defendant Hamilton told Plaintiff that he had received many complaints about Plaintiff in the past four months, although Plaintiff had not received any formal write-ups nor had she heard about any complaints. Defendant Hamilton allegedly told Plaintiff that Plaintiff was wrong for taking them to court and that she would be terminated or suspended if she left the meeting.

Plaintiff then attempted to leave the meeting. Words were exchanged and after Plaintiff questioned Hamilton for not taking action against Steer for alleged improper conduct, Hamilton suspended Plaintiff for the day. Three days later Plaintiff was contacted by Hamilton and advised that Plaintiff had been terminated and would

---

[1] In the Factual Background section of her complaint, Plaintiff alleged that Defendant had discriminated against her based on "retaliation because of Administrative Hearing held on Jan. 31, 2008." (Doc. 10 p. 3.) In the Statement of Facts section of her complaint, however, Plaintiff mentioned being harassed and retaliated against after an administrative hearing held on January 31, 2009. (Doc. 3 p. 4.)

receive her last paycheck in the mail. Plaintiff contends that her termination was in retaliation for Plaintiff having pursued an EEOC complaint against North Florida.

## II. **Standard of Review**

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968). For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir.1994); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir.1993).

In Ashcroft v. Iqbal, the Supreme Court set out a two prong approach for considering a motion to dismiss under Rule 12(b)(6): the court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief. 129 S. Ct. 1937, 1950 (2009). In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." Id. at 1951. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007).

## III.  <u>DISCUSSION</u>

Plaintiff's Title VII claims are asserted against North Florida, Plaintiff's employer, and against Defendants Streer and Hamilton in their individual and/or managerial capacities.  The proper method for a plaintiff to recover under Title VII is by "suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." <u>Busby v. City of Orlando</u>, 931 F.2d 764, 772 (11th Cir. 1991) It is not necessary to name the employees in their supervisory capacity and also name the employer. Moreover, employees cannot be held liable individually under Title VII.  <u>Dearth v. Collins</u>, 441 F.3d 931, 933 (11th Cir. 2006)("Relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, *regardless* of whether the employer is a public company or a private company." )

Accordingly, because Plaintiff improperly has sued Steer and Hamilton, in their individual capacities, the claims against Steer and Hamilton are due to be dismissed with prejudice. [2]

In light of the foregoing, it is respectfully **RECOMMENDED** that:

(1)  Defendant George Hamilton And Lisa Streer's Motion To Dismiss Complaint

---

[2] Defendants' request for attorney's fees is due to be denied. "Although attorney's fees are typically awarded to successful Title VII plaintiffs as a matter of course, prevailing defendants may receive attorney's fees only when the plaintiff's case is 'frivolous, unreasonable, or without foundation.'" <u>Quintana v. Jenne</u>, 414 F.3d 1306, 1309 (11th Cir. 2005)(quoting <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421 (1978)). While Title VII claims can only be made against the employer, and not against the individual employees, in view of Plaintiff's *pro se* status and the fact that dismissal of the claims has occurred before any discovery or significant expense was incurred, the Court cannot find that Plaintiff's case was frivolous, unreasonable or without foundation. Moreover, because the case has not been dismissed against North Florida it cannot – at this juncture - be said that the case is frivolous, unreasonable or without foundation. The Court, of course, reserves its right to revisit this issue at the conclusion of the case in the event the Defendant is successful and it turns out that there was no support whatsoever for Plaintiff's claim of retaliation.

(Doc. 23) should be **GRANTED** and the Title VII claims against Defendants George Hamilton and Lisa Streer should be dismissed with prejudice.

(2) Defendants' request for attorney's fees should be denied.

(3) The Clerk should be directed to enter judgment in favor of Defendants George Hamilton and Lisa Streer pursuant to Rule 54(b) of the Federal Rules of Civil Procedure because there is no just reason for delay.

**IN CHAMBERS** at Gainesville, Florida this 3rd day of December 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**