IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NORMA HURTADO,

    Plaintiff,

v.                                        CASE NO. 1:09-cv-00125-MP-GRJ

NORTH FLORIDA HEALTH CARE
ASSOCIATES, LLC, et al.,

    Defendants.

_____/

## **ORDER**

Pending before the Court is Defendants' Motion For More Definite Statement (Doc. 22). Plaintiff has not filed a response to the motion and the time for doing so has passed. For the reasons discussed below, Defendants' Motion For More Definite Statement (Doc. 22) is due to be **DENIED**.

## **I. Introduction**

Plaintiff, proceeding *pro se*, initiated this case on May 28, 2009 by filing a complaint on the Court's "Employment Discrimination Complaint Form." Plaintiff purports to allege a claim for retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* Plaintiff has sued her employer, North Florida Health Care Associates LLC ("North Florida Health Care")[1] and George Hamilton, an Administrator at Northe Florida Health Care ("Hamilton"), and Lisa Streer, the Director of Nursing at North Florida Health Care ("Streer")

---

[1] On October 5, 2009 the name of the Defendant was changed to North Florida Health Care Associates LLC to reflect the correct name of the Defendant. (Doc. 12.)

On September 30, 2009, Plaintiff filed a First Amended Complaint, again utilizing the Court's Employment Discrimination Complaint Form. This First Amended Complaint – like the original complaint – contains a single count for Title VII retaliation. (Doc. 10.) Plaintiff alleges that Defendants retaliated against her "because of [the] administrative hearing held on Jan. 31, 2008." According to Plaintiff, Defendants discriminated against her when Defendants (I) terminated her employment, (ii) retaliated against her, (iii) engaged in unequal treatment with respect to Plaintiff, and (iv) "harassed [her] since after [the] administrative hearing." *Id.*

Plaintiff describes the factual basis for her retaliation claim in unnumbered, indented and legible paragraphs. Plaintiff alleges that she had felt harassed and retaliated against after a January 31, 2008 administrative hearing. Plaintiff alleges that Defendants Hamilton and Streer informed Plaintiff's colleagues of an EEOC complaint Plaintiff had filed against Defendant North Florida Health Care in April 2007.

According to Plaintiff, on May 13, 2008 Defendant Hamilton, an administrator for North Florida Health Care, scheduled a meeting between Plaintiff, Hamilton and Streer to discuss complaints Hamilton had been receiving about Plaintiff. Plaintiff alleges that when she refused to participate in the meeting without a representative present, Defendant Hamilton told Plaintiff she would be terminated or suspended if she left the meeting. Plaintiff alleges that after she made a unfavorable comment about Streer, she was suspended for the day by Hamilton. Several days later, without explanation, Hamilton informed Plaintiff she was terminated and would receive her last paycheck in the mail. Plaintiff contends that this employment action was made in retaliation for Plaintiff having previously filed an EEOC complaint.

## II. **DISCUSSION**

Defendants contend that Plaintiff's First Amended Complaint is a "'shotgun'" pleading that fails to conform to the required pleading standards and as a consequence the Defendants cannot reasonably be expected to frame a complete response. Defendants complain that Plaintiff has failed to set forth factual allegations in separately numbered paragraphs as the instructions to the employment discrimination complaint form instruct. According to Defendants, the First Amended Complaint contains factual allegations hidden in lengthy, confusing paragraphs containing narratives, irrelevant anecdotes and Plaintiff's internal thoughts/beliefs. Consequently, Defendants assert the First Amended Complaint fails to "provide Defendants with sufficient notice of the actual legal claims and the factual predicate for those claims for Defendants to frame their response."

Rule 12(e) of the Federal Rules of Civil Procedure provides that a party may be required to provide a more definite statement before responding to a pleading when that pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]" *Davison v. Santa Barbara High School District*, 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998). A motion for a more definite statement "attacks unintelligibility in a pleading, not simply mere lack of detail." *Id.* at 1228.

While admittedly the First Amended Complaint is not drafted with precision and does not contain numbered paragraphs, nonetheless, a fair reading of the First Amended Complaint discloses that the Plaintiff is alleging a single claim for retaliation under Title VII. It is apparent that Plaintiff claims her termination from employment was in retaliation for Plaintiff having previously filed some type of claim with the EEOC

against North Florida Health Care.

The Court, therefore, concludes that Defendant, North Florida Health Care should be able to frame an appropriate response to the Amended Complaint. While ultimately there may be a number of substantial issues regarding the merits of a retaliation claim based upon the events alleged in this case, the First Amended Complaint is not so unintelligible that the Defendant cannot frame a response. To the extent that Defendant North Florida Health Care cannot discern the details of Plaintiff's claim, the Defendants will be able to obtain this information through discovery. A motion for a more definite statement is not the appropriate method of fleshing out the details of this complaint.

Accordingly, it is **ORDERED** that:

Defendants' Motion For A More Definite Statement (Doc. 22) is due to be **DENIED**.

**DONE AND ORDERED** this 6th day of December, 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge